[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 23, 1993 Date of Application: July 28, 1993 Date Application Filed: July 28, 1993 Date of Decision: September 24, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR92-133409;
Matthew Collins, Esq., Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After trial by jury, petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134
(a)(2) and conspiracy to commit robbery in the first degree in violation of §§ 53a-48 and 53a-134 (a)(2). Concurrent sentences of twenty years on each count were imposed. The total effective sentence was twenty years. The Appellate Court reversed the conviction on the first count of robbery in the first degree. The conviction on the second count of conspiracy to commit robbery in the first degree was affirmed. The total effective sentence remained at twenty years.
The facts underlying petitioner's conviction indicate that on May 18, 1992, petitioner and two other men were involved in the robbery of an insurance agency in New Britain. Petitioner was the driver of the vehicle involved. He waited in the automobile while CT Page 5433-FFFF his two co-defendants, one armed with a shotgun, entered and robbed the agency. A postal worker who attempted to pursue the robbers was shot and seriously injured. After the shooting, petitioner drove away leaving the other robbers behind. Petitioner was apprehended the following day.
Petitioner's attorney argued for a reduction in sentence. He argued that the Appellate Court determined that under the circumstances of the case, a renunciation charge should have been given on the first count charging robbery in the first degree. If the jury had found that petitioner had, in fact, renounced the crime and driven away from the robbery, he would have been relieved from culpability in the escape. This part of the robbery involving the shooting of the mailman was the most serious part of the crime. If it had been determined that petitioner was not involved in this and, in fact, had abandoned the robbery prior to the shooting, then a much lesser sentence would have been appropriate.
In arguing that the sentence was excessive and inappropriate, petitioner's attorney also pointed out that the other participants in the robbery received lesser sentences than petitioner.
Petitioner, speaking on his own behalf, argued that he was not the master mind behind the robbery. He stated that he was only informed of the plan to rob the insurance agency by one of the perpetrators while he was giving them a ride. He also stated that he was not a threat to society, but that he was an alcoholic and that his problems arose from this situation. Petitioner also urged a reduction in sentence.
The state's attorney argued against any reduction in sentence. He stated that petitioner was the master mind of the robbery and should have anticipated that when people carry firearms and are involved in such criminal conduct, it can be anticipated that someone would be shot. The state's attorney argued that petitioner only left when he saw that the robbery was going badly. The attorney also stated that petitioner was a career criminal and was a fugitive from another state. He further added that petitioner was a threat to the community and could not be rehabilitated.
In imposing sentence, the judge took into consideration petitioner's long criminal record. The judge also stated that the sentence imposed recognized the fact that petitioner had proven CT Page 5433-GGGG himself repeatedly to be a person who was incapable of conforming his conduct to that dictated by society and the law.
Petitioner has a long and consistent record of criminal conduct and anti-social behavior. The offense committed here was serious and could have resulted in a homicide. In light of the character of the petitioner and the need to protect the public from such conduct and to deter others from similar conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice Book Section 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.